WARREN, E. HOOD, Judge Pro Tern.,
concurring.
DHHR argues that the law should be interpreted to require its consent to emancipation of a child over whom the juvenile court has assumed jurisdiction, and whose custody has been placed by the juvenile court with DHHR. Apparently implicit in this argument is the assumption that DHHR would not consent to the emancipation and to the possible result thereof that the child would be released from its custody.
However, under this interpretation, the alternative is also possible — that DHHR, having the authority to do so, would consent to the emancipation. This, in my opinion, is not within the authority granted to it by the court under the law. Any such authority, the exercise of which might adversely effect the authority of the juvenile court in the exercise of its jurisdiction over the child, does not rest with DHHR, or with anyone to whom the juvenile court has granted custody.
There is an incongruity between the articles on emancipation and the authority given the district court thereunder on the one hand, and my perception of the jurisdiction and authority of the juvenile court on the other hand. There is a disturbing inconsistency in permitting a district court to judicially emancipate a minor over whom the juvenile court has assumed jurisdiction.
It would not be appropriate here to point out the problems and inconsistencies created by the law as presently written. Suffice it to say that the resolution of these problems does not lie in interpreting the law so as to require the consent of DHHR to the emancipation.
Regardless of whatever the effects of this emancipation may be, I do not read the majority opinion as adversely affecting the authority of the juvenile court in the exercise of its jurisdiction over this child.